STICKNEY v. HUGGINS.

1. The act of 1839, which requires the Judge of the county court to hold a special court for the trial of a proceeding against the collector of the county taxes, who has failed to collect and pay over the same to the county treasurer, within the time prescribed by law, in requiring the court to be

holden within twenty days after the default, is directory merely; it is competent to hold it at a more distant day—and even a second term, to try again a cause in which the first judgment was reversed and remanded.

Writ of Error the County Court of Mobile.

THE plaiaintiff in error as the treasurer of Mobile county, caused a notice to be served on the defendant, informing him that he would move the county court for judgment against him for $5,305 28, being the amount of county taxes collected by him in 1842. On the 25th November, 1844, the motion was accordingly submitted, and continued until the 21st January, 1845, at which time judgment was rendered for $2,134 33. This judgment was reversed on error by this court, and the cause remanded for further proceedings. Under this mandate the cause again came on before the court below; and the plaintiff having adduced his proof to show the amount for which defendant was in default, the defendant resisted the motion for judgment, and moved to dismiss the proceedings for want of jurisdiction. It was admitted that no notice was given until after the expiration of twenty days from the time prescribed by law, for collecting and paying the taxes into the county treasury. Whereupon the proceedings were accordingly dismissed, and a judgment rendered against the plaintiff for costs.

P. PHILLIPS for the plaintiff in error. This cause was before this court at a previous term, when it was decided that the time had elapsed when the Judge of the county court was authorized to allow the defendant for insolvencies in the tax list; that the commissioners possessed that power, and their action upon the subject was final. [8 Ala. R. 440.]

The jurisdiction of the county court is unquestionable. [Toulmin's Dig. 763, 767.] The act of 1839, in requiring the Judge of the county court to hold his court within twenty days after he is informed of the collector's default, cannot be held to be imperative, or deprive the court of jurisdiction

at a future period. In prescribing a time, the act is to be regarded as directory merely.

It appears from the proof recited in the bill of exceptions, that four thousand dollars, and interest, are still due by the defendant; and it is therefore asked that the judgment may be rendered here, for that sum.

J. A. CAMPBELL, for the defendant, insisted—1. That the Judge of the county court was not authorized to hold a special term after the time prescribed by the statute. 2. That even if the first point be untenable, the Judge was not authorized to hold a second term, after the cause was remanded.

COLLIER, C. J.—The act of 1839, so far as material to the present case, is as follows : "If any person authorized by law to collect the taxes in any of the counties of this State, shall fail to collect and pay the same to the county treasurer, within the time prescribed by law, the Judge of the county court, if of his own knowledge, or on complaint of the treasurer, shall hold a special court within twenty days thereafter, to try such delinquent collector ; and if it appear that he has so failed to collect, or pay over such taxes, said court shall enter judgment in favor of the treasurer, against such collector and his security, or securities in office, for the amount of such county tax so due and unpaid, together with ten *per centum* as damages, on the amount," &c. [Clay's Dig. 575, § 96.]

Although this section addresses itself in mandatory terms to the Judges of the county courts, yet it cannot be understood, that in requiring him to act within twenty days from the time the default is developed, his right to act is limited to that period. Time was not prescribed for the benefit of the collector, but rather to quicken the diligence of the Judge, so that justice might be promptly administered, and the greater certainty of collections insured.

According to all analogies, in directing the proceedings to be instituted within a definite time, the act must be considered as directory merely. It is the duty of the Judge to

yield a ready obedience to its directions, but if he fails to do this, his authority to act under it is not gone.

In the present case, the proceeding was had in conformity to the act, save only as to time, and the judgment rendered, here reversed. If the court, in the first instance, had jurisdiction, we think it clear, that upon the cause being remanded, it was competent for the Judge to give notice to the defendant, hold a special term, and dispose of it according to law.

It follows from what has been said, that the judgment must be reversed and the cause remanded.